```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

WILLIAM MICHAEL GILLIARD,

    Plaintiff,

v.                            Case No. 8:15-cv-2638-T-33EAJ

VICTORIA L. ROGERS, Hardee
County Clerk of Circuit Court
and Comptroller, et al.,

    Defendants.
_____/

### ORDER

This matter comes before the Court upon consideration of Defendants Victoria L. Rogers, Hardee County Clerk of Circuit Court and Comptroller, and John W.H. Burton P.A.'s Motion to Dismiss (Doc. # 7). Plaintiff William Michael Gilliard filed a response in opposition. (Doc. # 9). For the reasons stated herein, the Court grants the Motion.

**I.  Background**

Gilliard alleges that on May 30, 2014, he sent a document entitled "Affirmation of Status and Oath of Allegiance," along with a money order in excess of the required recording fee, to Rogers, who is the Clerk of Circuit Court and Comptroller for Hardee County. (Doc. # 1 at ¶ 13). Gilliard's purpose of sending the document was to have the "Affirmation

1

of Status and Oath of Allegiance" recorded in the public record. (Id.). Thereafter, Gilliard received a letter from Rogers stating that the "Affirmation of Status and Oath of Allegiance" would not be recorded in the public record. (Id. at ¶ 14). Gilliard sent a follow-up letter on June 19, 2014. (Id. at 16). Subsequent thereto, Gilliard received a letter from Burton, counsel for Rogers as Clerk of Circuit Court for Hardee County. Burton's letter explained why Gilliard's documents were not recorded. (Id. at 16-17).

Gilliard again attempted to file documents in the public record with the Clerk of Circuit Court for Hardee County; this time, Gilliard went in person to the Clerk of Circuit Court for Hardee County's office on October 20, 2015. (Id. at ¶ 18). Gilliard attempted to record two documents, one entitled "Irrevocable Covenant Power of Attorney-In-Fact" and the other entitled "Private Deed." (Id.). The Clerk of Circuit Court for Hardee County refused to record either document. (Id. at ¶ 21). A week later, Burton sent another letter to Gilliard. (Id. at ¶ 24). Burton's second letter stated that the "Irrevocable Covenant Power of Attorney-In-Fact" and "Private Deed" were not recorded because they were copies and pointed out other deficiencies in those documents. (Id. at 52).

Gilliard filed suit on November 10, 2015. (Id.) The Complaint is not organized by count; however, the wherefore clause shows that Gilliard alleges Rogers and Burton violated (1) 42 U.S.C. § 1981, (2) 42 U.S.C. § 1983, (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (4) Article I, Section 2 of the Florida Constitution, (5) Article I, Section 9 of the Florida Constitution, (6) Article I, Section 21 of the Florida Constitution, and (7) Section 28.222, Florida Statutes. (Id. at 7). The Complaint demands injunctive relief, though it does not specify the form thereof, and damages in excess of $15,000,000. (Id. at ¶ 6).

Rogers and Burton moved to dismiss the Complaint on December 9, 2015, arguing that suit is barred by the Eleventh Amendment and the Complaint fails to state a claim. (Doc. # 7 at 1). Gilliard filed a response on December 23, 2015. (Doc. # 9). Gilliard's response addresses a document dated December 21, 2015, that he submitted to the Clerk of Circuit Court for Hardee County, which means that the document referenced in the response occurred after Gilliard filed his Complaint. Gilliard has not moved to amend his Complaint. The response does not otherwise respond to Rogers and Burton's Motion.

This action was subsequently reassigned from the Honorable James D. Whittemore, United States District Judge, to the undersigned on February 17, 2016. (Doc. # 12). The Motion is ripe for this Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan

4

v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." Manders v. Lee, 388 F.3d 1304, 1308 (11th Cir. 2003) (en banc). The Supreme Court has "extended the Amendment's applicability to suits by citizens against their own states." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).

"It is also well-settled that Eleventh Amendment immunity bars suits in federal court when the State itself is sued and when an 'arm of the State' is sued." Manders, 388 F.3d at 1308 (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). An arm of the State includes agents and instrumentalities of the State. Id. As to whether a defendant is an arm of the State, "[t]he pertinent

5

inquiry is not into the nature of [its] status in the abstract, but its function or role in a particular context." Shands Teaching Hosp. & Clinics v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000). In determining whether a defendant is an arm of the State, a court looks at "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Zabriskie v. Court Admin., 172 Fed. Appx. 906, 908 (11th Cir. 2006) (quoting Manders, 338 F.3d at 1309).

"An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction," which "must be resolved before a court may address the merits of the underlying claims(s)." Seaborn v. State of Fla., Dep't of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998).

The Constitution of the State of Florida, Article V addresses the judiciary and therein establishes the office of clerk of circuit court for each county. Fla. Const. art. V, § 16. The clerks of circuit courts are constitutional officers elected by the electors of the relevant county. Fla. Const. art. V, § 16; Fla. Const. art. VIII, § 1. In addition, "under Florida law[,] clerks of circuit courts are considered to be a part of the 'state courts system,' which, as a component of

6

the judicial branch, is a state agency." Blankenship v. Childers, No. 3:12cv216/MW/EMT, 2013 WL 6536827, at *5 (N.D. Fla. Nov. 14, 2013), adopted by Blankenship v. Childers, No. 3:12-cv-216-MW/EMT, 2013 WL 6536898, at *1 (N.D. Fla. Dec. 13, 2013).

Furthermore, remembering that a court is to analyze the Defendants' function in the particular context at issue, Shands Teaching Hosp. & Clinics, 208 F.3d at 1311, the Court notes that the context in this case is the recording of documents in the public record. And, as to that function, the State maintains near absolute control of the clerks of circuit courts. Section 28.222, Florida Statutes, defines the duties of clerks of circuit courts in their role as county recorder. Section 28.222 prescribes how the clerks of circuit courts should record documents and enumerates the types of documents the clerks of circuit courts must record. Notably, Section 28.222(3) does not use precatory or permissive language; rather, Section 28.222(3) dictates what the clerks of circuit court must accept.

Neither party addresses how the clerks of circuit courts are funded, whether it is through the State or the county. Likewise, neither party addresses who would be responsible for a judgment entered against a clerk of circuit court.

7

However, a review of the Constitution of the State of Florida Article V, Section 14(b) demonstrates that clerks of circuit courts are designed to be partially self-funded, deriving a portion of their funds from filing fees, service charges, and costs for performing court-related functions. Fla. Const. amend V, § 14(b); see also Fla. Stat. § 28.24. Importantly, Section 14 explicitly limits a county's or municipality's duty to fund clerks of circuit courts. Fla. Const. amend V, § 14(c).

In sum, the Court determines that Rogers and Burton were acting as an arm of the State and, therefore, Eleventh Amendment immunity applies. See Zabriskie, 172 Fed. Appx. at 908 (implying Eleventh Amendment immunity can apply to counsel of an arm of the State). In addition, Rogers and Burton argue that the exception under Ex parte Young, 209 U.S. 123 (1908), does not apply because Gilliard seeks both monetary and injunctive relief. Gilliard raises no argument as to the applicability of Young. The Court agrees with Rogers and Burton that the exception does not apply. See Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999) (stating, "the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits

seeking **only** prospective injunctive or declaratory relief") (emphasis added).

Having determined that Gilliard's action is barred by the Eleventh Amendment, the Court dismisses the case for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Victoria L. Rogers, Hardee County Clerk of Circuit Court and Comptroller, and John W.H. Burton P.A.'s Motion to Dismiss (Doc. # 7) is **GRANTED**.

(2) This case is dismissed for lack of subject matter jurisdiction. The Clerk is directed to terminate any pending motions and, thereafter, close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of February, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE